**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**KIMBERLY MONIQUE ROSS**                                                   **PLAINTIFF**

v.                                                   **CIVIL ACTION NO. 3:25-cv-356-KHJ-MTP**

**LOLITA YVETTE BAILEY-CHRISTIAN**                            **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* for evaluating whether Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Having considered the record and applicable law, the undersigned recommends that Plaintiff's federal claims be dismissed with prejudice, that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims, and that her state-law claims be dismissed without prejudice to her right to raise them in state court. The undersigned also recommends that the Court deny Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [3].

## BACKGROUND

On May 16, 2025, Plaintiff filed this action against Defendant Lolita Bailey-Christian asserting federal and state-law claims. Specifically, Plaintiff asserts claims under 42 U.S.C. § 1983 for violations of her due process rights under the Fourth and Fourteenth Amendments and violations of her rights under the First Amendment. Plaintiff also asserts the state-law claims of assault and battery, defamation, stalking and harassment, and intentional infliction of emotional distress.

As relief, Plaintiff seeks compensatory damages, punitive damages, a protective order barring Defendant from contacting Plaintiff, a protective order barring Defendant and her

attorney from contacting Plaintiff's probation officer with malicious intent,[1] and a declaration that a restraining order entered against her is unconstitutional and obtained through fraud and without due process.

On June 27, 2025, the Court entered an Order [7] directing Plaintiff to file an amended complaint clarifying her claims under § 1983.  The Court explained that Defendant Bailey-Christian is a private individual, and private individuals generally are not considered state actors and, thus, generally are not subject to liability under § 1983. *See* Order [7].  The Court further explained that it is possible for a private individual to be considered a state actor, but Plaintiff had not alleged sufficient facts to support a finding that Defendant is a state actor for purposes of § 1983 liability. *Id*.

Plaintiff filed her Amended Complaint [8] on July 9, 2025.  In the Amended Complaint, Plaintiff drops her § 1983 claim under the Fourth Amendment, leaving her claims under the First and Fourteenth Amendments.  She also provides some additional factual details concerning her claims.  However, considering both her initial and amended complaints, Plaintiff has failed to provide a sufficient factual basis to support her § 1983 claims.

## ANALYSIS

As Plaintiff is proceeding in this action *in forma pauperis*,[2] the Court must screen her complaint under 28 U.S.C. § 1915(e)(2),[3] which sets forth the standard for screening:

---

[1] Plaintiff has also filed a Motion for Temporary Restraining Order and Preliminary Injunction [3] seeking an order enjoining Defendant, her attorney, and her family members from contacting Plaintiff or her probation officer.

[2] *See* Order [6].

[3] The screening requirement applies whether the plaintiff is a prisoner or a non-prisoner. *Walters v. Scott*, 2014 WL 5575494, at *2 (S.D. Tex. Nov. 11, 2014) (citing *Newsome v. Equal Employment Opportunity Comm.*, 301 F.3d 227, 231-33 (5th Cir. 2002)).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune for such relief." 28 U.S.C. § 1915(e)(2).

In considering whether a plaintiff has stated a claim on which relief may be granted, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

*Federal Claims*

In her Amended Complaint [8], Plaintiff asserts § 1983 claims alleging violations of her rights under the First and Fourteenth Amendments.[4] To prevail on a § 1983 claim, a plaintiff must establish that: (1) she has been deprived of a right secured by the Constitution or the laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999). The requirement that the deprivation occur under color of state law is also known as the "state action" requirement.

As previously mentioned, Defendant Bailey-Christian is a private individual, and "[p]rivate individuals generally are not considered to act under color of state law, *i.e.*, are not considered state actors . . . ." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005). "The under color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). However, it is possible, in limited circumstances, for a private individual to be considered a state actor. *See Ballard*, 413 F.3d at 518.

Courts have used multiple tests to determine whether a private individual's conduct can be fairly attributable to the State, including the "public function test," "state compulsion test," "nexus" or "state action test," and "joint action test."

> The "public function test" examines whether the private entity performs a function which is "exclusively reserved to the State". *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 158, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). Under the "state compulsion test", a private actor's conduct is attributable to the State when it exerts coercive power over the private entity or provides significant encouragement. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 170–71, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

---

[4] As previously mentioned, Plaintiff also asserted a claim under the Fourth Amendment in her initial Complaint. She does not reassert the Fourth Amendment claim in her Amended Complaint, and thus, this claim is no longer before the Court. Even if it were, the undersigned would recommend that it be dismissed for the same reasons set forth in the foregoing analysis applicable to the claims brought under the First and Fourteenth Amendments.

> The "nexus" or "state action test" considers whether the State has inserted "itself into a position of interdependence with the [private actor, such] that it was a joint participant in the enterprise". *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 357–58, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). And, under the "joint action test", private actors will be considered state actors where they are "willful participant[s] in joint action with the State or its agents". *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). The Supreme Court has not resolved "[w]hether these different tests are actually different in operation or simply different ways of characterizing [this] necessarily fact-bound inquiry...." *Lugar*, 457 U.S. at 939, 102 S.Ct. 2744.

*Cornish v. Correctional Services Corp.*, 402 F.3d 545, 549-50 (5th Cir. 2005).

Under any of these tests, Plaintiff has alleged insufficient facts—in either her initial Complaint or Amended Complaint—to support a finding that Defendant is a state actor for purposes of § 1983 liability. Plaintiff alleges that Defendant violated her due process and First Amendment rights through "misusing legal proceedings," "manipulating court processes," "false reports," and "threats." *See* [1] at 4; [8] at 2-3.

Specifically, Plaintiff alleges the following. Defendant falsely reported to the University of Mississippi Medical Center (UMMC) and its police department that Plaintiff had impersonated medical personnel and assaulted Defendant, which resulted in Plaintiff being banned from all UMMC properties. *See* [1] at 2; [8] at 2. Defendant falsely reported to Child Protective Services that Plaintiff abused a child. *See* [1] at 3; [8] at 2. Defendant and her attorneys made multiple false assertions to Plaintiff's probation officer in an effort to have Plaintiff's probation revoked. *See* [1] at 3; [8] at 2. Defendant's false reports lead to the Holmes County Chancery Court issuing a restraining order barring Plaintiff from contacting Defendant and the child of Plaintiff's spouse. *See* [1] at 2-3.

In her Amended Complaint, Plaintiff also states: "While Defendant is not a government official, she has acted under color of law by representing herself pro se and manipulating court

processes to deprive Plaintiff of constitutional rights through legal fraud, forgery, and retaliation." *See* [8] at 3.

Utilization of the state's law enforcement or judicial process and procedures, however, does not make one a state actor. *See Howard Gault Co. v. Tex. Rural Legal Aid, Inc.*, 848 F.2d 544, 555 (5th Cir. 1988) ("merely resorting to the courts" does not make one a state action); *Miller v. Hartwood Apartments, Ltd.*, 689 F.2d 1239, 1242 (5th Cir. 1982) (holding that the use of state court process was insufficient state action to support a § 1983 claim). "Courts have routinely held that a private actor does not take joint action under color of state law and thereby become liable under § 1983 merely by furnishing information to police officers who then act upon that information." *Polacek v. Kemper Cnty, Miss.*, 739 F.Supp.2d 948, 953 (S.D. Miss. 2010) (internal quotation and citation omitted); *see also Payton v. Clayton*, 2024 WL 482245, at *13 (M.D. La. Jan. 5, 2024) ("It is well settled that private parties do not become state actors merely by calling upon law enforcement for assistance."); *Sencial v. Coll*, 2024 WL 5515975, at *2 (E.D. La. June 21, 2024) ("Providing statements to the police, even if false, is insufficient to deem a private person to be a state actor subject to § 1983 liability.").

In her initial Complaint, Plaintiff puts forth some general allegations which relate to the issue of the "state action" requirement. She alleges that Defendant acted "in concert with others" to harm Plaintiff. *See* [1] at 1, 4. Such conclusory allegations, however, cannot sustain a claim that Defendant was a state actor. *See Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) ("Allegations that are merely conclusory, without reference to specific facts, will not suffice."); *Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995) ("It is well settled that mere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy."). Plaintiff "must allege facts showing an agreement or meeting of

6

the minds between the state actor and the private actor to engage in a conspiracy to deprive the plaintiff of a constitutional right, and that the private actor was a willing participant in joint activity with the state or its agents." *Polacek*, 739 F. Supp. 2d at 952.  As Plaintiff has failed to properly allege that Defendant is a state actor, Plaintiff does not provide a factual basis to support § 1983 claims against Defendant

In her Amended Complaint, Plaintiff adds the following allegation: "Defendant has engaged in improper ex parte communications with Judge James C. Walker and others in Holmes County Chancery Court.  These communications led to a restraining order being issued against Plaintiff without her presence, notice, or the opportunity to defend herself—again violating her constitutional right to due process." *See* [8] at 3.

"[E]ven where the judge is immune from suit, 'private parties who corruptly conspire with a judge in connection with [judicial] conduct are . . . acting under color of state law within the meaning of § 1983 . . . .'" *Hey v. Irving*, 161 F.3d 7, 1998 WL 723819, at *3 (5th Cir. Oct. 2, 1998) (quoting *Dennis v. Sparks*, 449 U.S. 24, 29 (1980)).  But, "general conclusory charges of conspiracy with 'no specific allegation of facts tending to show a prior agreement cannot' survive a motion to dismiss." *Id*. (quoting *Arsenaux v. Roberts*, 726 F.2d 1022, 1023-24 (5th Cir. 1982).  "To make such a claim actionable, the private and the public actors must have entered into an agreement to commit an illegal act, and a plaintiff's constitutional rights must have been violated." *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008).  "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis*, 449 U.S. at 28.

Here, Plaintiff alleges no specific facts showing an agreement between Defendant and any official in Holmes County, including Judge Walker, to violate her rights. *See Lara v.*

7

*Shannon*, 2014 WL 5297782, at *4 (N.D. Tex. Oct. 15, 2014) ("Absent from the complaint are any facts, as opposed to speculation, to show any agreement, illegal or otherwise . . . ."). Without "specific facts regarding the nature of the conspiracy or the participants' roles in it," Plaintiff's allegations are insufficient to state a claim. *See Kemp v. Powers*, 2025 WL 1898365, at *5 (5th Cir. July 9, 2025); *see also Miller v. Dunn*, 2025 WL 32818, at *2 (5th Cir. Jan. 6, 2025) ("While [Plaintiff] argues that Defendants-Appellants had an agreement with state court judges to violate his federal rights, he did not plead anything beyond conclusory allegations of an agreement."); *Shiell v. Rowan*, 2015 WL 750705, at *6 (E.D. La. Feb. 20, 2015) (holding that the plaintiff failed to identify any specific facts demonstrating that a defendant conspired with a judge to deprive plaintiff of her constitutional rights). As Plaintiff has failed to allege sufficient facts showing that Defendant is a state actor, Plaintiff § 1983 claims should be dismissed.[5]

***State-Law Claims***

Plaintiff also asserts state-law claims and, pursuant to 28 U.S.C. § 1367, invokes this Court's supplemental jurisdiction over these claims. The Court, however, should decline to exercise supplemental jurisdiction over the state-law claims once Plaintiff's federal claims are dismissed.

---

[5] The undersigned also notes that Plaintiff's request for an order declaring the state court restraining order unconstitutional—in addition to being improperly brought against a private individual—would be barred by either the *Rooker-Feldman* doctrine or the *Younger* abstention doctrine, depending on whether the state court order constitutes a final judgment. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1982) (together these cases establish the principle that federal district courts lack jurisdiction over suits which are, in substance, appeals from state court judgments); *see also Younger v. Harris*, 401 U.S. 37 (1971); *Bice v. Louisiana Public Defender Bd.*, 677 F.3d 712 716 (5th Cir. 2012) (explaining that the *Younger* abstention doctrine requires federal court to not exercise jurisdiction over suits when (1) the federal proceeding would interfere with an ongoing state judicial proceeding, (2) the state has an important interest in the subject mater of the claim, and (3) the plaintiff has an adequate opportunity to raise constitutional challenges in the state court).

Pursuant to § 1367(c), district courts may decline to exercise supplemental jurisdiction over a state law claim if

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which is has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In deciding whether to exercise supplemental jurisdiction, the Court should consider the § 1367(c) factors along with the common law factors of judicial economy, convenience, fairness, and comity. *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011).

Although not absolute, "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial . . . ." *Brookshire Bros., Inc. v. Dayco Products*, 554 F.3d 595, 602 (5th Cir. 2009). "[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain," the common law factors generally weigh against exercising jurisdiction over the state-law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Further, "[j]udicial economy favors remand when the district court has devoted 'hardly any federal resources, let alone a significant amount of resources' to the state law claim at the time the federal claims were dismissed." *Savoy v. Pointe Coupp Par. Plice Jury*, 2015 WL 3773418, at *3 (M.D. La. June 16, 2015) (quoting *Enochs*, 641 F.3d at 159).

This case is at the earliest stage. Defendant has not yet been served, and this Court has devoted few resources to the state-law claims. Nothing in the record suggests that either party would be prejudiced by this Court not exercising supplemental jurisdiction over the state-law claims. And, the principles of comity and federalism favor dismissal of these claims. *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 590 n.12 (5th Cir. 1992) ("[T]he

9

interests of comity and federalism are better served when federal courts avoid unnecessary determinations of state law.").

Finally, the undersigned notes that the Court provided Plaintiff, a *pro se* litigant, an opportunity to file an amended complaint after apprising her of the deficiencies of her initial Complaint. Plaintiff filed an Amended Complaint and has been afforded an opportunity to plead her best case. Her allegations, however, are insufficient to maintain this action.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that:

1. The Court DISMISS Plaintiff's federal claims with prejudice;

2. The Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims;

3. The Court DISMISS Plaintiff's state-law claims without prejudice to her right to raise them in state court; and

4. The Court deny Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [3].

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual

findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 24th day of July, 2025.

s/ Michael T. Parker
United States Magistrate Judge
