UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KIMBERLY MONIQUE ROSS                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 3:25-CV-356-KHJ-MTP

LOLITA YVETTE BAILEY-CHRISTIAN                                         DEFENDANT

ORDER

Before the Court is the [12] Report and Recommendation of United States Magistrate Judge Michael T. Parker. The [12] Report recommends dismissing pro se Plaintiff Kimberly Monique Ross's ("Ross") federal claims with prejudice; declining to exercise supplemental jurisdiction over Ross's state-law claims; dismissing Ross's state-law claims without prejudice to her right to raise them in state court; and denying Ross's [3] Motion for Temporary Restraining Order and Preliminary Injunction. [12] at 10.

The [12] Report's factual recitation sets the scene:

On May 16, 2025, [Ross] filed this action against Defendant Lolita Bailey-Christian [("Bailey-Christian")] asserting federal and state-law claims. Specifically, [Ross] asserts claims under 42 U.S.C. § 1983 for violations of her due process rights under the Fourth and Fourteenth Amendments and violations of her rights under the First Amendment. [Ross] also asserts the state-law claims of assault and battery, defamation, stalking and harassment, and intentional infliction of emotional distress.

As relief, [Ross] seeks compensatory damages, punitive damages, a protective order barring [Bailey-Christian] from contacting [Ross], a protective order barring [Bailey-Christian] and her attorney from

> contacting [Ross's] probation officer with malicious intent,[1] and a declaration that a restraining order entered against her is unconstitutional and obtained through fraud and without due process.
>
> On June 27, 2025, the Court entered an [7] Order . . . directing [Ross] to file an amended complaint clarifying her claims under [Section] 1983. The Court explained that [Bailey-Christian] is a private individual, and private individuals generally are not considered state actors and, thus, generally are not subject to liability under [Section] 1983. The Court further explained that it is possible for a private individual to be considered a state actor, but [Ross] had not alleged sufficient facts to support a finding that [Bailey-Christian] is a state actor for purposes of [Section] 1983 liability.
>
> [Ross] filed her [8] Amended Complaint . . . on July 9, 2025. In the [8] Amended Complaint, [Ross] drops her [Section] 1983 claim under the Fourth Amendment, leaving her claims under the First and Fourteenth Amendments. She also provides some additional factual details concerning her claims. However, considering both her initial and amended complaints, [Ross] has failed to provide a sufficient factual basis to support her [Section] 1983 claims.

[12] at 1–2 (citation modified).

The Court must review de novo a magistrate judge's report only when a party objects to the report within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1). When no party timely objects to the report, the Court applies "the 'clearly erroneous, abuse of discretion and contrary to law' standard of review." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). And the Court need not "reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam).

---

[1] "[Ross] has also filed a [3] Motion for Temporary Restraining Order and Preliminary Injunction . . . seeking an order enjoining [Bailey-Christian], her attorney, and her family members from contacting [Ross] or her probation officer." [12] at 2 n.1.

Written objections to the [12] Report were due by August 7, 2025. *Id.* at 10–11. The [12] Report notified the parties that failure to file written objections by that date would bar further appeal in accordance with 28 U.S.C. § 636. *Id.* No party objected to the [12] Report, and the time to do so has passed. Because the Court finds the [12] Report neither clearly erroneous nor contrary to law, it adopts the [12] Report as its opinion.

For the reasons stated above, the Court ADOPTS the [12] Report, DISMISSES Ross's federal claims with prejudice, DECLINES to exercise supplemental jurisdiction over Ross's state-law claims, DISMISSES Ross's state-law claims without prejudice to her right to raise them in state court, and DENIES Ross's [3] Motion for Temporary Restraining Order and Preliminary Injunction. In doing so, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 8th day of August, 2025.

                                          s/ *Kristi H. Johnson*
                                          UNITED STATES DISTRICT JUDGE